UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIUS SANGSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | Judge |
| CITY OF CHICAGO, ) | |
| BILL CARO, ) | Magistrate Judge |
| ) | |
| Defendants. ) | |

**COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the statutes and common law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff Julius Sangster is a resident of Illinois and was living in Cook County at the time of his arrest that is the subject of this Complaint.

5. Defendant Bill Caro was, at all times relevant to the Complaint, a duly appointed and sworn Chicago police officer.

6. At all times relevant to this Complaint, Defendant Caro was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

7. Defendant Caro is sued in his individual capacity.

8. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was the employer and principal of Defendant Caro at all times relevant for this Complaint.

**Facts**

9. On October 11, 2012, Plaintiff arrived, on foot, at a residence located at or near 1311 South Tripp in Chicago.

10. Plaintiff came to the location, the residence of James L. Robinson, a mechanic, because Plaintiff's car had broken down.

11. Plaintiff had not met James Robinson prior to this date.

12. Plaintiff was referred to James Robinson by Cynita Collins, who was with Plaintiff when the car broke down.

13. As Plaintiff approached the front door of the South Tripp residence, he was arrested by Chicago police officers, including Defendant Caro.

14. Plaintiff was arrested for possession of a stolen vehicle and burglary related to parts of the stolen vehicle.

15. Plaintiff did not possess a stolen vehicle on October 11, 2012.

16. Plaintiff did not commit a burglary on October 11, 2012.

17. Plaintiff had no contact with any vehicle at or near the property on 1311 S. Tripp.

18. Plaintiff was not in the backyard of 1311 S. Tripp prior to the officers arresting him.

19. Plaintiff did not bring a motor lift to 1311 S. Tripp on October 11, 2012, or on any other date.

20. Plaintiff did not have grease on his hands at any time on October 11, 2012.

21. Defendant Caro and/or other Chicago police officers had no probable cause to believe Plaintiff possessed a stolen vehicle on October 11, 2012.

22. Defendant Caro and/or other Chicago police officers had no probable cause to believe Plaintiff committed a burglary on October 11, 2012.

23. Defendant Caro and/or other Chicago police officers had no probable cause to arrest Plaintiff for any crime.

24. Nevertheless, Defendant Caro arrested and charged Plaintiff with possession of a stolen vehicle and burglary.

25. Defendant Caro completed police reports and signed a criminal complaint, under oath, against Plaintiff, falsely charging Plaintiff with possession of a stolen vehicle and burglary.

26. Defendant Caro alleged that he observed Plaintiff in the backyard of 1311 South Tripp.

27. Defendant Caro alleged that he observed Plaintiff next to the vehicle in the backyard of 1311 South Tripp.

28. Defendant Caro alleged that he observed Plaintiff removing an engine from the vehicle in the backyard of 1311 South Tripp.

29. Defendant Caro alleged that he observed Plaintiff walk from the backyard to the front of the residence at 1311 South Tripp.

30. Defendant Caro alleged that he observed Plaintiff's hands to be covered with grease.

31. Defendant Caro alleged that Plaintiff stated he brought an engine lift to 1311 South Tripp.

32. These allegations by Defendant Caro were false.

33. These allegations by Defendant Caro were made for the purpose of fabricating probable cause to arrest and charge Plaintiff with possession of a stolen vehicle and burglary.

34. Defendant Caro repeated these false allegations at a preliminary hearing on October 18, 2012, in order to continue the criminal charges and prosecution against Plaintiff.

35. Based on Defendant Caro's false allegations, the presiding judge determined there was probable cause to proceed with the criminal charges against Plaintiff.

36. As a result of the arrest and criminal charges for possession of a stolen vehicle, based on Defendant Caro's false allegations, fabricated police reports and false criminal charges, on October 21, 2013, Plaintiff was convicted at a bench trial of possession of a stolen motor vehicle.

37. As a result of the arrest and criminal charges for possession of a stolen vehicle, based on Defendant Caro's false allegations, fabricated police reports and false criminal charges, on June 27, 2014, Plaintiff was sentenced to 14 years of imprisonment.

38. As a result of the arrest and criminal charges for possession of a stolen vehicle, based on Defendant Caro's false allegations, fabricated police reports and false criminal charges, Plaintiff was imprisoned for approximately 12 months before trial.

39. On February 15, 2017, Plaintiff's conviction was reversed by the Appellate Court of Illinois, First Judicial District, based on a finding of insufficient evidence that Plaintiff was guilty of possession of a stolen motor vehicle (No. 1-14-2567).

40. On February 24, 2017, Plaintiff was released from prison.

41. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages, including loss of physical liberty, emotional distress, loss of a normal life, criminal defense attorneys' fees, and lost wages.

## COUNT I
## 42 U.S.C. § 1983 – Fourth Amendment Unreasonable Detention

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendant Caro arrested and charged Plaintiff, causing him to be imprisoned from October 11, 2012 until February 24, 2017.

44. Defendant Caro had no probable cause to arrest Plaintiff and initiate and/or pursue criminal charges against him.

45. Defendant Caro made false allegations against Plaintiff, under oath, in police reports and criminal complaints/charging instruments, and while testifying in the criminal proceedings against Plaintiff.

46. The seizure and/or detention of Plaintiff without probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizure.

WHEREFORE, Plaintiff asks that this Honorable Court:

   a)   Enter judgment against Defendant Caro,

   b)   Award Plaintiff compensatory and punitive damages,

 c) Award attorneys' fees and costs, and

 d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1983 – Fourteenth Amendment Due Process

47. Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendant Caro made false allegations against Plaintiff, under oath, in police reports and criminal complaints/charging instruments, and while testifying in the criminal proceedings against Plaintiff.

49. These falsified reports, criminal complaints/charging instruments and testimony constituted fabricated evidence against Plaintiff.

50. The fabricated evidence was material in that it was the primary evidence offered against Plaintiff in support of the criminal charges of possession of a stolen motor vehicle and burglary.

51. The fabricated evidence caused Plaintiff's detention, conviction and imprisonment.

52. Defendant's conduct, as described above, violated Plaintiff's due process rights under the Fourteenth Amendment.

 WHEREFORE, Plaintiff asks that this Honorable Court:

 a) Enter judgment against Defendant Caro,

 b) Award Plaintiff compensatory and punitive damages,

 c) Award attorneys' fees and costs, and

 d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### State Law Claim for Malicious Prosecution

53. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

54. Defendant Caro commenced and/or continued criminal charges against Plaintiff for burglary and possession of a stolen motor vehicle.

55. Defendant Caro commenced and/or continued criminal charges against Plaintiff with malice.

56. There was no probable cause for such charges.

57. The charges were terminated in a manner favorable to Plaintiff when the appellate court reversed the trial court's conviction based on a lack of evidence to prove Plaintiff guilty of the offenses.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Caro,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### Respondeat Superior

58. Plaintiff realleges paragraphs 1 through 57 as if fully set forth herein.

59. Defendant Caro, and any other Chicago police officers involved in the seizure, arrest, imprisonment, and prosecution of Plaintiff, were acting in the scope of their employment and as agents of their employer City of Chicago.

60. City of Chicago is liable for the acts of its agents and employees, and is therefore liable for malicious prosecution and any other state law claim that arises out of the incident that is the subject of this Complaint.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against City of Chicago,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### Indemnification Claim pursuant to 745 ILCS 10/9-102

61. Plaintiff realleges paragraphs 1 through 57 as if fully set forth herein.

62. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from Defendant Caro's and any other defendant officer's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify Defendant Caro and any other defendant officer for any judgment for compensatory damages and attorneys' fees in this case arising from his actions.

63. Jury trial demanded.

Respectfully submitted,

/s/ Amanda S. Yarusso  
Counsel for Plaintiff  
111 West Washington Street, Suite 1500  
Chicago, Illinois 60602  
(773) 510-6198  

/s/ Blake Horwitz  
Counsel for Plaintiff  
The Blake Horwitz Law Firm  
111 West Washington Street, Suite 1611  
Chicago, Illinois 60602  
(312) 676-2100